## THE PEOPLE *vs.* DANIELS.

A court of First Instance had no authority under Mexican law to pronounce sentence of death upon a prisoner convicted of a capital offense. In such case, the proceedings were to be sent up to the court of Second Instance, in which court alone could final judgment be rendered. *Per* BENNETT, J.

Where judgment of death had been rendered against a prisoner by the court of First Instance, it was reversed in this court, as well on the ground above stated, as also

The People *v.* Daniels.

that numerous errors and irregularities appeared to have occurred in the progress of the proceedings, which resulted in the conviction of the prisoner.

APPEAL from the court of First Instance of the district of San Francisco. This case not being deemed of importance as a precedent, a detailed statement of the proceedings in the court below is omitted. It is sufficient barely to state that the defendant was tried before a jury for the crime of murder and was convicted, and that final judgment of death was rendered against him by the court of First Instance. The evidence was not returned to this court.

*J. B. Hart*, district attorney, for the people.

*Alexander Campbell*, for the prisoner.

*By the Court*, HASTINGS, Ch. J. On the 30th day of August, A.D. 1849, a grand jury empannelled by John W. Geary, Esq., sitting as judge of the court of First Instance in the district of San Francisco, territory of Upper California, presented a bill of indictment against the defendant for the crime of murder.

It will be unnecessary to enter into a detail of the proceedings in this case, from the fact that the laws of the country then in force were but imperfectly understood and error and irregularity are found in all of the proceedings of the courts, especially in criminal cases. The errors in this record are so numerous that the execution of the defendant would not be the judgment of the law, but the mere will of the court and executioner. We therefore think the defendant ought again to be put upon his trial upon an indictment presented by a regular grand jury, and that the defendant be held in custody to abide the order of the district court.

Ordered accordingly.

BENNETT, J. I rest my judgment in this case solely on the ground that the court of First Instance had no legal authority to render final judgment. Under the Mexican decrees, though

proceedings in capital cases may be instituted in the court of First Instance, and testimony taken and a trial had in that court, yet the papers must always be sent up to the court of Second Instance, where, only, final judgment could be rendered. The court of Second Instance has ceased to exist, and the business pending therein has been transferred into this court by the act of Feb. 28th, 1850. So far as the present case is concerned, this court should treat it in the same way as the court of Second Instance would have treated it, had that tribunal still continued in existence ; and that court would have pronounced judgment of death, if it clearly appeared on the papers sent up to it, that the prisoner was guilty : if his guilt did not clearly appear, it would have rendered judgment of acquittal or remanded the cause for farther proceedings, or admitted additional evidence, according to circumstances. There is nothing in the papers which have been returned to this court, which induces the conviction in my mind, beyond a reasonable doubt, that the prisoner is guilty. I think, therefore, that the cause should be remanded to the district court for a new trial.